UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

HENRY SULLIVAN and SANDRA
SULLIVAN, *individually and on
behalf of all others similarly situated,*

      Plaintiffs,

   v.

SENECA COUNTY, NEW YORK,
*individually and on behalf of all others
similarly situated,*

      Defendant

_____

**DECISION AND ORDER**

6:25-CV-06483 MAV CDH

## <u>INTRODUCTION</u>

Plaintiffs Henry Sullivan and Sandra Sullivan ("Plaintiffs") bring this putative class action suit against defendant Seneca County, New York ("Defendant"),[1] alleging that Defendant "unconstitutionally t[ook] Plaintiffs' property for public use without providing just compensation." (Dkt. 1 at ¶ 1). Plaintiffs specifically levy eight claims: (1) violation of the United States Constitution's Fifth Amendment prohibition on takings without just compensation pursuant to 42 U.S.C. § 1983; (2) violation of the Takings Clause of the New York Constitution; (3) violation of the United States Constitution's Eighth Amendment prohibition against excessive fines pursuant to 42 U.S.C. § 1983; (4) violation of the New York Constitution's prohibition against

---

[1]   Plaintiffs also seek certification of a defendant class. (Dkt. 1 at ¶¶ 45-55).

excessive fines; (5) unjust enrichment; (6) money had and received; (7) equitable accounting; and (8) inverse condemnation. (*Id.* at ¶¶ 56-115).

Defendant has filed a request to "stay all discovery" pursuant to Federal Rule of Civil Procedure 26(c) pending the resolution of its motion to dismiss.[2] (Dkt. 28 at 1; *see* Dkt. 30). Plaintiffs oppose Defendant's request. (Dkt. 29). For the reasons that follow, Defendant's request is granted to the extent that it seeks to delay issuance of a scheduling order in this matter until after the resolution of the pending motion to dismiss.

## BACKGROUND

This case arises out of *Tyler v. Hennepin County, Minnesota*, 598 U.S. 631 (2023) ("*Tyler*"), which held in pertinent part that the Fifth Amendment's Takings Clause requires governments to return surplus proceeds from tax foreclosure sales to the taxpayer.[3] *Id.* at 634-40, 646-48. Plaintiffs allege that Defendant foreclosed on

---

[2]    Defendant refers to its motion as a motion to dismiss. (*See, e.g.,* Dkt. 34 at 1). Defendant's motion seeks relief under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (*See id.* at 11). Given Defendant's prior filing of an answer in this matter (*see* Dkt. 7), the portions of Defendant's motion addressed to the adequacy of the complaint under Rule 12(b)(6) are properly considered as a motion for judgment on the pleadings under Rule 12(c). *See, e.g., Patel v. Contemp. Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). However, because this distinction does not impact the Court's analysis of the discovery issue currently before it, this Decision and Order uses Defendant's nomenclature.

[3]    Plaintiffs highlight several other cases pending in this District that stem from *Tyler*, including *WCMGC LLC v. County of Seneca*, No. 6:24-CV-06142-MAV-CDH (W.D.N.Y. 2026) ("*WCMGC*"), *Simpson v. Steuben County*, 6:25-CV-06525-MAV-CDH (W.D.N.Y. 2025) ("*Simpson*"), *Barnard, et al. v. County of Chautauqua*, 1:24-CV-00154-MAV-CDH (W.D.N.Y. 2024), *Sevinsky, et al. v. County of Cattaraugus, et ano.*, 1:24-CV-00186-MAV-CDH (W.D.N.Y. 2024), *Gworek, et al. v. Chautauqua County, et al.*, 1:24-CV-00679-MAV-CDH (W.D.N.Y. 2024), and *Dickens, et al. v. County of Allegany, et ano.*, 1:23-CV-01332-MAV-CDH (W.D.N.Y. 2023). (*See* Dkt. 20 at 1).

Plaintiffs' property located at 5 Rumsey Street, Seneca Falls, New York, on which Plaintiffs owed $5,279.22 in taxes, fees, and penalties, and sold the property for $55,000, retaining the excess proceeds. (Dkt. 1 at ¶¶ 12-18).

Plaintiffs commenced this action on September 13, 2025. (Dkt. 1). The case was reassigned from Chief United States District Judge Elizabeth A. Wolford to District Judge Meredith A. Vacca on December 18, 2025, and it has been referred to the undersigned for all non-dispositive pretrial matters. (Dkt. 21; Dkt. 22).

On January 14, 2026, the Court held a telephone status conference during which the Court directed the parties to submit letter briefs outlining their positions regarding the progression of discovery in this matter. (*See* Dkt. 25). In response to that directive, on January 23, 2026, Defendant filed a letter requesting a stay of discovery pursuant to Federal Rule of Civil Procedure 26(c) pending the resolution of their then-forthcoming motion to dismiss. (Dkt. 28 at 1). Defendant specifically argues that the Court should stay all discovery in this matter because the resolution of its motion to dismiss may "significantly narrow or fully resolve the claims at issue[.]" (*Id.* at 2). Therefore, Defendant contends, conducting discovery at this time would unnecessarily expend judicial resources and burden the parties. (*See id.*). Further, Defendant contends that Plaintiffs will suffer no prejudice from a stay because the resolution of Defendant's motion to dismiss will help clarify the scope of discovery. (*See id.*).

Plaintiffs filed a responsive letter on February 11, 2026, opposing Defendant's request on the grounds that: (1) stays are disfavored in this Circuit; (2) Defendant's

motion to dismiss is unlikely to succeed; (3) proceeding with discovery will not prejudice Defendant; and (4) a stay will prejudice Plaintiff by unduly delaying the resolution of this matter.[4] (Dkt. 29 at 1). Defendant moved to "dismiss[] this action, in its entirety" on February 13, 2026 (Dkt. 30 at 1), and that motion remains pending before Judge Vacca.[5]

On July 16, 2026, Plaintiffs filed a letter requesting that the Court hold a Rule 16 scheduling conference. (Dkt. 40). Defendants filed a responsive letter on July 17, 2026, opposing Plaintiffs' request. (Dkt. 41).

## DISCUSSION

### I.   Legal Standard

Although Federal Rule of Civil Procedure 16 "typically requires the issuance of a scheduling order 'within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared,' a court need not do so if it 'finds good cause for delay.'" *Israel v. O'Malley*, No. 24-CV-86-LJV, 2024 WL 5040722, at *1 (W.D.N.Y. Dec. 9, 2024) (quoting Fed. R. Civ. P. 16(b)(2)), *appeal dismissed*, 2025 WL 882886 (2d Cir. Mar. 12, 2025).

Under Federal Rule of Civil Procedure 26(f) "[e]xcept in a proceeding exempted

---

[4]   The defendant in *Simpson* has filed a letter motion for a stay of discovery. The plaintiffs in that case, who are also represented by Plaintiffs' counsel, filed an identical response to the *Simpson* defendant's letter motion. The Court will decide that motion in due course.

[5]   Defendant has also filed a motion to consolidate this matter with *WCMGC* that remains pending before Judge Vacca. (Dkt. 14). The Court notes that the resolution of this motion may also impact the scope and timing of discovery in this matter.

from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f). "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

Courts in this Circuit have held that a pending dispositive motion is good cause to delay issuance of a scheduling order. *See, e.g.*, *Roldan v. Bronx Pro Realty*, No. 1:25-CV-05943 (DEH) (SDA), 2026 WL 1047701, at *2 (S.D.N.Y. Apr. 18, 2026) ("Plaintiff's motions to compel are denied without prejudice as premature. Given Defendants' pending motion to dismiss and Plaintiff's pending motion to amend, the Court has not yet scheduled a Rule 16(b) conference or issued a scheduling Order."); *Adams v. Credit Acceptance Corp.*, No. 25-CV-410JLS(SR), 2025 WL 1953268, at *3 (W.D.N.Y. July 16, 2025) ("In light of the pending motions to dismiss, which may completely dispose of the case against certain defendants or otherwise narrow the issues in dispute, the Court finds good cause to delay issuance of a scheduling order."); *Weller v. Icahn Sch. of Med. at Mount Sinai*, No. 23-CV-4775 (PKC) (LB), 2025 WL 745992, at *5 (E.D.N.Y. Mar. 7, 2025) ("Plaintiff filed a motion to compel Defendants to participate in a Rule 26(f) Conference. This Court referred the motion to the [magistrate judge who] held a conference on Plaintiff's motion to compel . . . and denied the motion. Discovery is stayed pending the resolution of the motion to dismiss.") (citations omitted); *Israel*, 2024 WL 5040722, at *1 ("Given the pending

motion to dismiss, which may completely dispose of the case or narrow the issues in dispute, the Court concludes that such good cause exists. Accordingly, a scheduling order in this case is not necessary prior to a ruling on the defendants' motion to dismiss.").

Local Rule of Civil Procedure 16(b) provides in part that "[p]rior to the initial pretrial conference, counsel for all parties . . . shall confer as required by [Rule] 26(f), and shall file with the Court a joint, written discovery plan consistent with [Rule] 26(f)." Loc. R. Civ. P. 16(b)(2).

## II.     There is Good Cause to Delay Issuance of a Scheduling Order

The parties have presented their arguments in terms of whether the Court should enter a stay of discovery in this matter. However, the record before the Court does not demonstrate that the parties have participated in a Rule 26(f) conference, a necessary prerequisite to conducting discovery in most instances. *See* Fed. R. Civ. P. 26(d)(1); (*see also* Dkt. 24 (setting forth the procedural history of this matter with no mention of a Rule 26(f) conference)). Nor would it be practicable for the parties to conduct such a hearing at this stage of the proceedings. The Court has not scheduled a Rule 16 conference in this matter and does not intend to issue a scheduling order until Defendant's pending motion to dismiss is resolved. *See Fecteau v. City of Mount Vernon*, No. 23 CIV. 09173 (KMK)(JCM), 2025 WL 754043, at *3 (S.D.N.Y. Mar. 10, 2025) ("Since a Rule 16 conference has not been scheduled, it is premature to hold a Rule 26(f) conference."), *reconsideration denied*, 2025 WL 1196039 (S.D.N.Y. Apr. 22, 2025); *see also Zavala v. Kruse-W., Inc.*, No. 1:19-CV-00239-DAD-SKO, 2019 WL

- 6 -

3219254, at *2 (E.D. Cal. July 17, 2019) ("It is equally not practicable to order Defendants to participate in a Rule 26(f) conference at this stage of the proceedings. Defendants' motion challenges the sufficiency of the complaint and may result in changes to the operative pleading." (quotation omitted)).

The parties make no argument that they are entitled to seek discovery prior to having conducted a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1). Therefore, there is no need for a formal stay of discovery pursuant to Rule 26(c) because "[d]iscovery cannot be stayed until it is opened[] [and] [i]t is not opened until the Rule 26(f) conference occurs." *Zavala,* 2019 WL 3219254, at *3; *see also Nieves v. Just Energy New York Corp.*, No. 17-CV-561S, 2020 WL 6720871, at *4 (W.D.N.Y. Nov. 16, 2020) ("[I]t would be wasteful for the parties to engage in extensive discovery prior to a ruling on a motion to dismiss. This Court is not weighing the factors for a Rule 26(c) stay of discovery due to the pending motion [to dismiss]. . . . [I]f the motion to dismiss is granted, then discovery would not occur." (quotation and citations omitted)).

Notwithstanding the parties' framing of the issue, the Court does find that Defendant's pending motion to dismiss constitutes good cause to delay issuance of a scheduling order in this case and that it is not practicable at this time to hold a Rule 16 conference. *See Israel*, 2024 WL 5040722, at *1. This finding is consistent with case law from within this Circuit and due to the impracticability of crafting a scheduling order where the scope of the claims and defenses has not yet been defined. The Court is unpersuaded by Plaintiffs' arguments to the contrary.

For instance, Plaintiffs rely on *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377 (VSB), 2022 WL 1639485 (S.D.N.Y. May 24, 2022), to assert that courts in this Circuit disfavor staying discovery where there is no pending dispositive motion that would potentially dismiss an action in its entirety. (*See* Dkt. 29 at 4). But as noted above, there is no need to formally stay discovery in this case, because discovery has not yet opened. Moreover, there *is* a pending dispositive motion to dismiss this action in its entirety. (*See* Dkt. 30 at 1).

The Court is also unpersuaded that Plaintiffs will be unduly prejudiced by delaying discovery. "Until the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear." *Zavala*, 2019 WL 3219254, at *2. Under such circumstances, "delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources[.]" *Id*. (citation omitted).

Plaintiffs' remaining arguments in favor of conducting discovery largely consist of assertions about the merits of their claims and their view that Defendant's motion to dismiss is unlikely to succeed. (*See* Dkt. 29 at 3-7). The merits of the pending motion to dismiss will be decided by the presiding District Judge in due course, and do not weigh heavily in the undersigned's analysis of whether good cause exists to delay holding a Rule 16 conference and issuing a schedule order.

## CONCLUSION

For the foregoing reasons, Defendant's request to delay discovery (Dkt. 28) is granted to the extent that it seeks to delay issuance of a scheduling order in this matter pending the resolution of Defendant's motion to dismiss (Dkt. 30).

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge


Dated:   Rochester, New York
         July 21, 2026